THE PEOPLE *ex rel.* C. Stuart Beattie

*v.*

MARCUS A. KAVANAGH, Judge.

*Opinion filed February 21, 1906.*

1. ATTORNEYS AT LAW—*power of nisi prius courts to suspend attorney is wholly statutory.* The power of an inferior court of this State to suspend a regularly licensed attorney from practice in that court is wholly statutory, and cannot be exercised except where the attorney has been found guilty of malconduct as an attorney at law, in accordance with the forms of the law.

2. SAME—*an attorney cannot be punished for contempt and suspended for same offense.* By sentencing an attorney to jail for contempt the court exhausts its power to punish for the particular offense, and has no right, after the attorney is released on bail on *habeas corpus,* to arbitrarily suspend him from practice in that court until the contempt is atoned for or the judgment of conviction satisfied or set aside.

3. SAME—*attorney can be deprived of right to practice only in accordance with the statute.* The right of a regularly licensed attorney to practice in the courts of this State is one of which he can not be deprived except for legal cause and only in the manner provided for by the statute relating to attorneys and counselors, and *mandamus* will issue to compel a judge to permit him to exercise such right.

ORIGINAL petition for *mandamus.*

C. STUART BEATTIE, *pro se.*

MARCUS A. KAVANAGH, *pro se.*

Mr. JUSTICE HAND delivered the opinion of the court:

This is an original proceeding commenced in this court by Charles Stuart Beattie, a duly licensed attorney of this court, against the Hon. Marcus A. Kavanagh, one of the judges of the superior court of Cook county, for a writ of *mandamus* to coerce the said Marcus A. Kavanagh, as judge of the said superior court, to allow and permit said

220—4

petitioner to exercise all the rights and privileges of an attorney at law in the branch of the superior court presided over by said Marcus A. Kavanagh as judge. An answer to the petition was filed and a demurrer interposed to the answer.

It appears from the pleadings that on the 19th day of April, 1905, the petitioner, as attorney at law, appeared for one of the parties in a suit pending in the superior court of said county which was on hearing before Marcus A. Kavanagh, the presiding judge in a branch of said court; that the conduct of the petitioner at that time in the presence of the court was such that he was then and there adjudged by the court to be in contempt of court and was sentenced by the court to imprisonment in the county jail of Cook county; that on the same day the petitioner sued out a writ of *habeas corpus* before the Hon. Murray F. Tuley, a judge of the circuit court of said Cook county, to obtain his discharge from said imprisonment, and that the petitioner was admitted to bail by said circuit judge pending a hearing of said *habeas corpus* proceeding; that subsequent to the suing out of said writ of *habeas corpus,* the petitioner appeared on two or more occasions in the branch of the superior court presided over by said Marcus A. Kavanagh, as the attorney of parties having suits pending in said court; that the said judge refused to hear the petitioner or to recognize him as an attorney at law in said causes, and informed the petitioner in open court that until the contempt committed by said petitioner in said court on the 19th day of April, 1905, was atoned for or the judgment of conviction against him satisfied or set aside, as a judge of said court he would not permit the petitioner to appear as an attorney at law and argue cases before him; that the petitioner objected to the action of the court and excepted thereto, but that said judge refused to make his action in declining to permit the petitioner to appear as an attorney at law in said court a matter of record, to the end that the same might be reviewed upon appeal or by writ of error.

In the late case of *People* v. *O'Brien,* 196 Ill. 250, it was held that a contempt proceeding and a proceeding suspending an attorney at law from practice for malconduct in office were separate and distinct proceedings and could not be combined.   When the court sentenced the petitioner to jail in the contempt proceeding it exhausted its power to punish the petitioner for the contempt committed by him in the presence of the court on the 19th day of April, 1905, and the release of the petitioner from imprisonment in consequence of the suing out of the writ of *habeas corpus* before a judge of the circuit court of Cook county did not revive the right of the judge of the superior court to again punish the petitioner for said contempt, and the judge of the superior court did not have the right to arbitrarily and without hearing suspend the petitioner from practice as an attorney in the court over which he presided.   This he could only do after the petitioner had been found guilty of malconduct as an attorney at law in accordance with the forms of law. (*Moutray* v. *People,* 162 Ill. 194.)   The judge of the superior court had ample power to protect the court over which he presided from the insult of the petitioner and to punish the petitioner for misconduct committed by him in the presence of the court, as the right to punish for contempts committed in the presence of the court is inherent in all courts of record.   The right, however, of suspension from practice in an inferior court and one from which the attorney's rights to practice do not emanate, is vested in the *nisi prius* courts of this State only by virtue of the statute.   *Winkelman* v. *People,* 50 Ill. 449.

The privilege of a regularly licensed attorney of this court to practice in cases in which he has been retained in the courts of this State is to such attorney a most valuable right and a right of which he cannot be deprived by the courts except for legal cause, and then only in the manner pointed out by law.   We are of the opinion the petitioner has a clear legal right, as an attorney at law, to practice in

the branch of the superior court of Cook county presided over by the respondent, and that a clear legal duty rests upon the respondent, as a judge of said court, to permit him so to do, and that the petitioner cannot be deprived of said right other than by a proceeding carried on in accordance with the provisions of chapter 13 of Hurd's Statutes of 1903. Where the petitioner shows a clear legal right to the relief prayed for and a clear legal duty resting upon the respondent to recognize said right, *mandamus* will issue to enforce such right.

The writ of *mandamus* will therefore be awarded, in accordance with the prayer of the petition.

*Writ awarded.*