(No. 30400.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK SIEGAL, Plaintiff in Error.

*Opinion filed May 20, 1948.*

Wm. Scott Stewart, of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, of Springfield, and William J. Tuohy, State's Attorney, of Chicago, (John T. Gallagher, and Melvin S. Rembe, both of Chicago, of counsel,) for the People.

Mr. Justice Gunn delivered the opinion of the court:

Plaintiff in error, Frank Siegal, has sued out this writ of error to review a judgment of the criminal court of Cook County, which sentenced him to ten days in the county jail for an alleged direct criminal contempt of that court. Plaintiff in error claims the summary procedure adopted by the trial court violated the due-process clauses of the State and Federal constitutions.

Section 14 of division XV of the Criminal Code (Ill. Rev. Stat. 1945, chap. 38, par. 780½,) provides that a writ of error in all criminal cases below the grade of felony shall be sued out of the appropriate Appellate Court. A criminal contempt of court is a crime against the court and against the people and is a misdemeanor. (*Rawson* v. *Rawson,* 35 Ill. App. 505.) Therefore a writ of error in a contempt proceeding is properly sued out of the Appellate Court unless there is fairly involved a debatable constitutional question which was passed upon by the trial court and the issue properly preserved for review, in which case

the writ may be sued out of this court. *People* v. *Humphreys,* 353 Ill. 340; *People* v. *Brickey,* 396 Ill. 140; *People* v. *Seymour,* 272 Ill. 295.

In the instant case plaintiff in error claims, as the foundation for direct appeal, the violation of the due-process clauses of the State and Federal constitutions. He contends that due process was denied him in the summary proceeding which sentenced him to jail for ten days for an alleged contempt of the criminal court of Cook County for making false statements with intent to impede justice while a witness for the People in the case of People v. William Vogel *et al.* He challenges the right of the criminal court to use the summary contempt proceeding to punish perjury. He further contends that, assuming the contempt proceeding is proper against a perjurer, its arbitrary use or abuse by the court violates the constitutional guaranties of due process of law. We shall, therefore, direct our attention to the procedural question to determine if this court is the proper court for the relief which plaintiff in error seeks.

For this court to review a misdemeanor by writ of error, a constitutional question must have been formed in the issues before the trial court, passed upon, and be preserved in the bill of exceptions for review in this court. (*People* v. *Brickey,* 396 Ill. 140.) Plaintiff in error recites in the bill of exceptions, which was later made a part of the record and certified, as follows: "The defendant objected and contended that he was being deprived of due process of law as guaranteed by the constitution and the laws of Illinois and the fourteenth amendment to the United States constitution, which contentions were overruled and the defendant duly excepted to the ruling of the court and the entry of the order." He thereby preserved for review the constitutional question if it, in fact, exists.

The first allegation of violation of due process is that

the court was without power to summarily punish a witness for contempt for perjury committed in the presence of the court in the course of an official proceeding, which perjury was determined by the court to have been willfully designed to impede the administration of justice. The order and finding of the court does not name the offense perjury, but, as pointed out above, a .wilful false representation of matters material to the matter under investigation with intent to impede the administration of justice.

In *People* v. *Seymour,* 272 Ill. 295, p. 301, we stated that the court has the power to punish for contempt without any statutory provision and that this power has been recognized from the very beginning of judicial administration in this State and has been constantly repeated. To the same effect is *Ex parte Terry,* 128 U. S. 289, 32 L. ed. 405, and *People* v. *Sheridan,* 349 Ill. 202. Deciding whether the order adjudging defendant in contempt was based on technical perjury or upon false statements made with intent to impede justice, does not raise a constitutional question.

The second issue is whether a summary proceeding for direct contempt, properly used within the discretion of the court, violates the constitutional guaranty of due process. Both the United States Supreme Court and this court have recognized the constitutionality of contempt proceedings. (*Ex parte Terry,* 128 U.S. 289, 32 L. ed. 405; *People* v. *Seymour,* 272 Ill. 295.) Plaintiff in error claims that since no pleadings were used, no hearings held nor interrogatories issued, he was not afforded his constitutional guaranties of due process. The proceeding for direct contempt is summary in nature and requires no pleadings. The contumacious acts are committed in the presence of the trial judge and his findings of fact are based upon matters of which he may take judicial notice. No rule, citation or other order is necessary. *Ex parte Terry,* 128 U.S. 289, 32 L. ed. 405.

In the case at bar plaintiff in error was a witness for the People in the prosecution of William Vogel and others. At the conclusion of the evidence for the People and of the testimony of Vogel, a verdict of not guilty was directed for the defendants. The trial court then ·entered a rule against the plaintiff in error to show cause why he should not be held in contempt, and gave him one week in which he might present an answer or explanation, which plaintiff in error failed to do. He asked for neither continuance nor hearing, but appeared at the later hearing in person and by counsel. His only objection was to the order finding him guilty of contempt and it was based on a general statement that he was being denied due process of law as guaranteed by the State and Federal constitutions. The record reveals plaintiff in error was afforded every opportunity to explain his conduct and was granted more time than is required in such cases, for the court could have properly entered the judgment on its own motion the day the plaintiff in error was allegedly impeached. *Ex parte Terry,* 128 U.S. 289, 32 L. ed. 405.

Plaintiff in error next contends that, if the trial court has the power in a contempt proceeding set forth above, the court may in some instances abuse the power and arbitrarily and without cause send a party, witness, or stranger to the proceeding, to jail for an alleged contempt; that therefore there may be some cases in which a court has acted arbitrarily and in which the party held in contempt has been thereby denied due process of law. The Supreme Court of the United States, in a studied opinion by Mr. Justice Harlan in the case above cited, (*Ex parte Terry,* 128 U.S. 289, 32 L. ed. 405,) in discussing this particular question, stated: "It is true, as counsel suggest, that the power which the court has of instantly punishing without further proof or examination contempts committed in its presence, is one that may be abused and may sometimes be exercised hastily or arbitrarily. But that is not

an argument to disprove either its existence or the necessity of its being lodged in the courts. That power cannot be denied them without inviting or causing such obstruction to the orderly and impartial administration of justice as would endanger the rights and safety of the entire community. What was said in *Ex parte Kearney,* 20 U.S. Wheat. 39, 45 (5:391, 393,) may be here repeated: 'Wherever power is lodged it may be abused. But this forms no solid objection against its exercise. Confidence must be reposed somewhere; and if there should be an abuse, it will be a public grievance, for which a remedy may be applied by the legislature, and is not to be devised by courts of justice.' "

It is our opinion that on this phase of the question there is no constitutional question before the court on the facts presented in this record, as the sole question involved is whether the facts found constitute a direct contempt of court. *People* v. *Seymour,* 272 Ill. 295; *Paul* v. *Paul,* 278 Ill. 196; *Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44.

Plaintiff in error has cited many cases of contempt wherein this court has issued writs of error to various circuit courts. Particularly does he rely upon *People ex rel. Owens* v. *Hogan,* 256 Ill. 496, *People* v. *Spain,* 307 Ill. 283, *People* v. *Rockola,* 346 Ill. 27, and other similar holdings. It is noted from a review of each of these cases that a constitutional question was fairly involved. In the *Rockola* and *Spain cases* the constitutional guaranty against self-incrimination was the foundation for the review. In the *Hogan case* it was determined that the trial court was without jurisdiction in the proceeding out of which the contempt arose. Others relied upon involved the constitutionality of the City Election Code, the constitutionality of provisions of the Evidence Act, and the violation of the right of freedom of speech. Plaintiff in error has cited no authority which would authorize a direct review

by this court on the record presented and extensive research has revealed none.

It will be noted that *People* v. *Sheridan,* 349 Ill. 202, a case similar in many respects to the case at bar and in which this court held that perjury, under circumstances that constituted an impediment to the administration of justice, made the perjurer subject to a summary proceeding for direct contempt, came to this court quite properly from the Appellate Court for the First District. See, also, *People* v. *Seymour,* 272 Ill. 295.

No fairly debatable constitutional question has been raised which would give this court jurisdiction on direct appeal. Without passing upon the merits of the case or the sufficiency of the contempt order, we transfer this cause to the Appellate Court for the First District.

*Cause transferred.*