(No. 33591.—

THE PEOPLE *ex rel.* Dale Andrews, County Judge, Appellee, *vs.* DEMETRI HASSAKIS, State's Attorney *et al.*, Appellants.

*Opinion filed September 23, 1955.*

DEMETRI HASSAKIS, State's Attorney, of Mt. Vernon, and MILTON ECKER, Assistant State's Attorney, of Mt. Vernon, *pro se.*

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The parties are county officials of Jefferson County. Defendants appeal from the following purported contempt order entered by the county judge:

## "ORDER FOR CONTEMPT"

"Now on this 28th day of February, 1955, the same being one of the judicial days of this Court, the Court on its own motion after having carefully considered the matter under consideration doth find:

### I.

"That contrary to the oath each of you have taken and the duty imposed upon each of you as licensed attorneys of

this State to maintain respect for and uphold the dignity of each of the Courts of this State, since I have taken office as Judge of the County and Probate Court of Jefferson County, Illinois, you have by word and deed, directly and indirectly, failed to maintain respect for and uphold the dignity of this Court.

## II.

"That contrary to the oath you have taken and the duty imposed upon you as States Attorney and Assistant States Attorney of this County, since I have taken office as Judge of the County and Probate Court of Jefferson County, Illinois, you have by word and deed directly and indirectly failed to maintain respect for and uphold the dignity of this Court.

## III.

"That further, you have without cause attempted by word and deed to disrupt the orderly processes of this Court and in other ways have interfered with and attempted to cause public ridicule of the decisions and orders of this Court.

It Is Therefore Ordered that you and each of you be found to be in Contempt of Court and the privilege of appearing in this Court in any capacity is hereby suspended for a period of 30 days from this date.

It Is Further Ordered that such suspension shall continue until such time as you and each of you shall present a satisfactory written apology to the Court.

DALE ANDREWS, *Judge*."

The defendants contend that this order was entered by the county judge without any notice to them, that no pleadings were filed and no hearing of any kind was had. The record verifies these contentions.

The statutes of this State require us, in deciding the cases submitted to this court, to deliver our opinions in

writing, which shall be spread at large upon the records of this court. (Ill. Rev. Stat. 1953, chap. 37, par. 21.) Absent this requirement, we would be reluctant to make a record of the ridiculous procedure involved in this matter.

Adjudging guilt and imposing punishment on anyone, by any person or by any court, without giving the accused an opportunity to defend himself is intolerable and prohibited by our constitutional guarantees. The only exception known to or tolerated by the law is the inherent right of courts to punish for acts of direct contempt as an essential incident to the maintenance of the court's authority to administer and execute its judicial powers.

The exercise of this extraordinary power is governed and restricted by definite and mandatory requirements, indispensable both to individual liberty and the preservation of the dignity and respect for the courts. Any judge who assumes to exercise this extraordinary power must know the limitations of his authority and carefully restrict himself within those limitations. Any abuse of such power is not merely an exposé of the ignorance or attempt to claim dictatorial powers by that particular judge but it engenders disrespect and diffidence of all our courts and the judiciary.

The fundamental rules governing the exercise of the court's power to punish for contempt have been repeatedly stated by this court in simple and clear language and should be available, ascertainable and understandable by anyone who will read them. Punishment for indirect criminal contempt, that is for contumacious acts outside the personal knowledge of the judge, requires the observance of all the elements of due process of law, that is, notice, written charges, and an opportunity to deny and defend such charges before guilt is adjudged and sentence imposed.

Direct contempt, that is contumacious acts committed in court in the presence of the judge, and of which he has personal knowledge, may be adjudged and punished in a

summary manner, without prior notice, written charges, plea, issue or trial. (*In re Terry*, 128 U.S. 289; *People* v. *Siegal*, 400 Ill. 208.) The act having been committed in the presence of the court, evidence is unnecessary and no record need be made. (*People ex rel. Owens* v. *Hogan*, 256 Ill. 496.) But in this State the accused has a right of appeal to review the decision of the trial judge finding him guilty of contumacious acts and a reviewable record must therefore be made by a written order setting forth fully, clearly and specifically the facts out of which the contempt arose so that the reviewing court may determine if the committing court had jurisdiction to enter the order. *People* v. *Rongetti*, 344 Ill. 107; *People* v. *Loughran*, 2 Ill. 2d 258.

The order before us shows a complete and inexcusable disregard of the fundamental and indispensable requirements of an order finding one guilty of direct contempt. The order tells us that the accused "have by word and deed, directly and indirectly, failed to maintain respect for and uphold the dignity of this Court," and "have without cause attempted by word and deed to disrupt the orderly processes of this Court and in other ways have interfered with and attempted to cause public ridicule of the decisions and orders of this Court."

If this order is valid then the decision of a judge that a word or deed is disrespectful to him is final, his power and authority is unrestricted and he becomes the law within himself. What the word or deed was would be immaterial just so long as the judge thought it was disrespectful to him and his feelings were hurt. It is incomprehensible that one with any knowledge of law could have such a ridiculous and dangerous misconception of his power and authority.

We are here powerless to determine if the accused were or were not guilty of contumacious acts. The order presented does not contain one single fact, one word or one deed spoken or performed by the accused. The conclu-

sions of the judge, unsupported by specific facts, in a direct contempt proceding bear no weight whatsoever.

The purported order of contempt attempted to suspend the privilege of the defendants as attorneys from appearing in the judge's court for a period of 30 days, which "suspension shall continue until such time as you and each of you shall present a satisfactory written apology to the court."

The privilege of appearing as an attorney in the courts of this State is granted by this court and taken away only by this court or by statutory enactment. Section 6 of the Attorneys and Counselors Act, (Ill. Rev. Stat. 1953, chap. 13, par. 6,) authorizes any judge of the circuit and superior courts to suspend any attorney from practice in the court over which he presides for malconduct in office, subject to review by this court. No such authority has been given to county judges and no inherent power exists in the county court to revoke a right and privilege granted by this court. *People ex rel. Beattie* v. *Kavanagh*, 220 Ill. 49.

This entire proceeding is completely beyond any sensible or legal procedure, is an attempt to exercise a power and authority which the law of this land vests in no one, and such purported order is therefore void, ineffectual and held for naught. The purported judgment of the county court of Jefferson County is therefore reversed, the order of that court is set aside and it is ordered that such order be expunged from the records of said court.