THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES CLARK, Defendant-Appellant.

(No. 54293;

First District—March 3, 1972.

Gerald W. Getty, Public Defender, of Chicago, (John E. Hughes, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and George Pappas, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant appeals from an order holding him in direct contempt of court and sentencing him to one ·year in the Cook County Jail to be served immediately following his discharge from the Illinois State Penitentiary where he is currently incarcerated.

On appeal defendant contends (1) that the direct contempt order failed to set forth facts with certainty to show that defendant was guilty of direct contempt and (2) that he was not represented by counsel during the relevant proceedings.

The contempt order reads as follows:

1. "That the said defendant, James Clark, was lawfully summoned before the bar of this Court to give testimony in the cause known as

*People of the State of Illinois v. Charles A. Gray (Impleaded),* Indictment No. 63-3669, on March 1, 1968.

2. That the said defendant, James Clark, was called to the witness stand during the trial of the above named cause, whereupon the Clerk of the Court sought to swear the said defendant for the purpose of giving testimony and the said defendant herein refused to take an oath, saying he would not participate in the trial.

3. That the said defendant, James Clark, was thereupon ordered by this Court to take an oath and proceed to give testimony, but persisted in his refusal to do so.

4. That the said defendant, James Clark, having theretofore been found guilty, upon his guilty plea, to the crime alleged in Indictment No. 63-3669, and judgment having been entered, and the said James Clark having subsequently given testimony as to his participation in the crime charged in Indictment No. 63-3669, at a previous trial, there appears no lawful reason or right either existing or claimed by the defendant why his testimony should not be heard.

5. That the Court, prior to a final refusal by the defendant, James Clark, to give testimony, appointed Attorney Cecil Partee to consult with the defendant, after advising Attorney Partee of all of the facts, and the said Attorney Partee having consulted with the said defendant, the defendant persisted in his refusal to testify.

6. The conduct of James Clark, which took place while this Court was in open session, tended to impede and interrupt the proceedings and lessen the dignity of this Court.

The Court further finds that James Clark, who is now and here present in open Court, is by reason of said refusal to testify in direct contempt of this Court."

*Opinion*

■■ It is well recognized that a court has inherent power to punish contumacious acts committed in its presence. (*Ex Parte Terry*, 128 U.S. 289; *People ex rel. Andrews v. Hassakis*, 6 Ill.2d 463, 129 N.E.2d 9.) Such acts place the contemnor in direct contempt of court and punishment may follow in a summary manner, without prior notice, written charges, plea, issue or trial. (*People v. Siegal*, 400 Ill. 208, 211, 79 N.E.2d 616.) In determining whether the trial court had jurisdiction to issue a direct contempt order, a reviewing court may look at the order itself and the report of the proceedings. *In re Dunagan*, 80 Ill.App.2d 117, 123, 225 N.E.2d 119; *People v. Tomashevsky*, 48 Ill.2d 559, 564, 273 N.E.2d 398; *People v. Baxter*, 50 Ill.2d 286.

■■ Under the foregoing standards we believe that the trial court was justified in holding defendant in direct contempt of court. Para-

graph 3 of the order, *supra,* states that the witness refused to take an oath, saying he would not participate in the trial. The report of the proceedings is even more explicit. On nine occasions the trial judge asked or ordered the defendant to take the oath. Some of the colloquy that took place is set forth below:

The Court) Q. "You will not testify under any conditions?
(Defendant) A. No.

&ast; &ast; &ast;

Q. Mr. Clark will you raise your right hand?
A. I'm not going to swear to anything.

&ast; &ast; &ast;

Q. Mr. Clark, I am ordering you to stand and raise your right hand and take the oath.
A. I refuse.

&ast; &ast; &ast;

(The Clerk) Q. Do you solemnly swear, &ast; &ast; &ast;, that the testimony you will give &ast; &ast; &ast; will be the truth, the whole truth and nothing but the truth, so help you God?
A. I am not participating in this trial.
(The Court) Q. You won't swear to tell the truth?
A. There is nothing to tell.

&ast; &ast; &ast;

Q. Do you intend to testify at all in this matter?
A. No.
Q. Do you know that if you do not do so I may hold you in contempt of Court?
A. I suppose you can, sir."

■■ A witness may be held in direct contempt of court for refusing to be sworn in. Similar circumstances were present in *People v. O'Meara,* 216 Ill.App. 173, wherein the court stated at pages 174 and 175:

"The order discloses that appellant came personally into court upon the hearing of the account of &ast; &ast; &ast;, and that upon such hearing the trial judge asked appellant to take the witness stand, which he refused to do. The court thereupon requested appellant to be sworn as a witness and requested the clerk of the court, &ast; &ast; &ast;, to swear appellant as a witness &ast; &ast; &ast;, whereupon appellant refused to be sworn and refused to permit the clerk of the court to propound the oath to him as a witness, stating in open court that he did refuse and would refuse to be sworn as a witness in the cause and that he would and did refuse to testify on said hearing. The court found that the proceedings so recited were had in open court &ast; &ast; &ast; and in the presence of the court, &ast; &ast; &ast;.

This states the proceedings and the findings of the court sufficiently to support the order of commitment."

See also *People v. Koniecki*, 28 Ill.App.2d 483, 486, 171 N.E.2d 666.

■■ Defendant argues that one may not be held in direct contempt for refusing to answer questions when to do so would lead to self-incrimination. (See *People v. Tavernier*, 384 Ill. 388, 51 N.E.2d 528.) He then states that his testimony, if given, may have been self-incriminating. But the cited case and defendant's argument are inapposite here since there is no indication that defendant refused to testify due to the asserted reason, and in any case defendant could not refuse to be sworn in. As was stated in *United States v. Brickey* (8th Cir. 1970), 426 F.2d 680, 688, 689:

"The duty of a witness to testify is a vital and necessary part of our adversary trial system. Therefore, a witness cannot refuse to be sworn and must tell what he knows up to the point of his involvement in crime [Cited cases omited.] As noted in *Marcello v. United States* (5th Cir. 1952), 196 F.2d 437, 441: 'The privilege against self-incrimination cannot be asserted in advance of the questions actually propounded in the examination or hearing.'" (Cited cases omitted.)

■■ Defendant also contends that he was not properly represented by counsel during the relevant proceedings. This contention misapprehends the nature of a direct contempt order. Such orders are imposed for contumacious acts done in the presence of the court. The judge has personal knowledge of all elements constituting the contempt. Therefore, they may be dealt with in a summary manner without prior notice, written charges, plea, issue or trial. (*People v. Siegal*, 400 Ill. 208, 211, 79 N.E.2d 616.) The trial judge may on his own motion immediately enter a contempt order. The contemnor's right to procedural due process, including his right to counsel, is not impaired. (See *People v. Siegal, supra*, at 211, 212.) The situation would be different if the order were issued for indirect contempt, *i.e.*, for the acts not done in the presence of the court. Then the requirements of procedural due process, including the right to counsel, would attach. See *People v. Tomashevsky*, 48 Ill.2d 559, 565, 566, 273 N.E.2d 398.

We might add that the court did advise defendant as to the consequences which might follow his refusal to take the oath. Also, an attorney was appointed by the court to further inform the defendant as to the consequences of his actions.

The order is affirmed.

Order affirmed.

LORENZ, P. J., and ENGLISH, J., concur.