THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAURA WILSON, Defendant-Appellant.

First District (3rd Division) No. 61359

Opinion filed December 18, 1975.

James Streicker and Brenda E. Richey, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Defendant, Laura Wilson, was convicted of direct criminal contempt of court by the circuit court of Cook County, and sentenced to 40 days' imprisonment. She appeals, raising the issue of whether the evidence showed that she was guilty of criminal contempt of court.

We affirm.

The record of proceedings shows that defendant was a spectator in one of the more congested branch courtrooms of the circuit court of

Cook County when she became involved in verbal altercations with three court bailiffs who requested that she remain quiet during the court proceedings. The affair culminated when the courtroom captain (bailiff-in-charge) told the defendant to be quiet, and the defendant loudly responded saying "Fuck you, you mother fucker." The judge heard those words. The assistant State's attorney then filed the following petition:

"Now comes BERNARD CAREY, State's Attorney of Cook County on a Motion of this Honorable Court to move said Court to hold Laura Wilson, respondent, in direct contempt and in support thereof alleges the following:

1. Respondent appeared in the Courtroom of the Honorable David Cerda on November 13, 1974 as a spectator.
2. That while in the Courtroom the Respondent became abusive in that she used loud language, loud enough to disturb the proper function of said Court.
3. The Court directed the Bailiffs to maintain the said dignity of said Court.
4. While instructing the Respondent to remain quiet, said Laura Wilson used the following language; 'Fuck you, you mother fucker', again causing the Court to stop its normal procedure.

\* \* \*

WHEREFORE, your petitioner prays that said Respondent be found in direct contempt of this Honorable Court and prays for sentence instanter."

A hearing was held in the matter. The bailiffs testified as to the incident, as did defendant. Defendant's testimony was that the courtroom captain called her a bitch. The prior testimony of the courtroom captain was that he may have called her a name in the heat of argument, but could not remember what he called her. At the end of the hearing, the trial court found defendant guilty of contempt of court, stating: "The defendant was loud and noisy and interrupted the court proceedings, and she did say to [the deputy], 'Fuck You'." The court then added:

"With so many female defendants picked up for loitering-prostitution or for prostitution, a very difficult task falls on the deputy sheriffs to maintain quiet in the courtroom, so that an orderly proceeding of cases continue to flow.

I think we have to set an example with this defendant so that the other girls in the future will be quiet and not interrupt court proceedings, and not use street language here in the courtroom."

Defendant was sentenced to 40 days' imprisonment.

■■ We begin by noting that the trial court did not enter a written

order setting forth fully and clearly the facts out of which the contempt arose. However, where there is a complete report of proceedings which includes an oral statement of the facts by the court, as in the instant case, the report of proceedings as well as the order of the trial court will be considered on review to determine the propriety of the order of contempt: *People v. Harper* (1975), 28 Ill.App.3d 820.

■■ Criminal contempt of court is generally defined as conduct which is calculated to embarrass, hinder or obstruct a court in its administration of justice or derogate from its authority or dignity, thereby bringing the administration of law into disrepute. (*People v. Javaras* (1972), 51 Ill.2d 296, 281 N.E.2d 670.) Causing a commotion which requires the court to suspend the hearing of a cause has been held to constitute direct, criminal contempt of court. (*People v. Clancy* (1926), 239 Ill.App. 369.) The mere use of street vernacular which does not cause an imminent threat to the administration of justice, on the other hand, does not usually constitute direct contempt of court. *Eaton v. City of Tulsa* (1974), 415 U.S. 697, 39 L.Ed.2d 693, 94 S.Ct. 1228.

■■ The facts in the instant case show that defendant, a spectator in a courtroom, was asked numerous times to remain quiet during the court proceedings. Ultimately, a court bailiff apparently became incensed with defendant's disrespectful behavior and may have uttered a few words of anger to defendant, yet not so loudly as to disturb the proper functioning of the court. Notwithstanding the dignity and silence demanded of court spectators, defendant loudly uttered a few disrespectful and vulgar words which, when heard by the trial judge, caused him to stop functioning in the midst of a trial. We feel that the trial court properly found defendant guilty of contempt of court for being so loud and noisy as to disturb the proper functioning of the court. Even if defendant had not used such vulgarities, we believe that the trial court properly found her guilty for disturbing the functions of the court by causing an uproar and commotion.

Illinois Supreme Court Rule 61(c)(9) (Ill. Rev. Stat. 1973, ch. 110A, par. 61(c)(9)) cautions judges in courtrooms having a large volume of cases, as did the judge in the case at bar, to "take special care to enforce reasonable order and decorum." By acting swiftly with its power of contempt, the trial court herein attempted to enforce order and thereby to promote the efficient administration of justice through law.

Judgment affirmed.

McNAMARA and MEJDA, JJ., concur.