THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE P. WRIGHT, Defendant-Appellant.

Third District   No. 76-337

Opinion filed August 31, 1977.

Robert Agostinelli and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Defendant Eugene P. Wright appeals from an order of the Circuit Court of Peoria County finding him guilty of contempt of court and sentencing him to 30 days in the county jail.

Following a bench trial, defendant was found guilty of possession of more than 10 but less than 30 grams of cannabis. At the sentencing hearing, the court imposed a sentence of six months imprisonment and a $500 fine. As soon as the sentence was announced, defendant became belligerent and insulting and interrupted the court with numerous defiant and derogatory remarks. The court then found defendant to be in contempt of court, after which defendant called the judge "a no good son-of-a-bitch." Defendant appeals from the contempt conviction.

When we originally undertook to review this case, the record did not include a required written order of the trial court finding defendant to be in contempt. (*Cf. People v. Tomashevsky* (1971), 48 Ill. 2d 559, 564-65, 273 N.E.2d 398, 401-02.) We therefore decided to reverse the conviction and remand the cause so that the record could be completed. After filing our opinion, the State petitioned for a rehearing and also sought to amend the record by adding the written contempt order which had been inadvertently omitted from the record. Defendant filed an answer to the petition for rehearing as we allowed pursuant to Supreme Court Rule 367(d). We granted both the petition for rehearing and the request to amend the record, and we withdrew the opinion previously filed herein. After further consideration of the merits of this appeal, we now affirm the conviction.

Defendant contends that his conduct at the sentencing hearing was merely a good faith effort to assert his right to appeal and to protest his innocence, and did not constitute direct criminal contempt. We do not agree.

According to the report of proceedings, after the trial court imposed sentence, the court started to advise defendant of his right to appeal pursuant to Supreme Court Rule 605 (Ill. Rev. Stat. 1975, ch. 110A, par. 605), but was interrupted three times by defendant who kept insisting that he wanted to appeal "right now." Only after threatening to have defendant gagged was the court able to conclude the required admonition.

Defendant then accused the court of making up "this whole fracas" and denied his guilt at considerable length. The court ordered the defendant's immediate removal from the courtroom, but defendant continued to make insulting remarks to the judge. At that point the court summarily found defendant to be in contempt, sentencing him to 30 days in the

county jail, and defendant then called the judge "a no good son-of-a-bitch."

■■ Direct contempt of court is defined as conduct calculated to embarrass, hinder or obstruct a court in its administration of justice or to derogate from its authority or dignity, or bring the administration of law into disrepute. (*People v. Miller* (1972), 51 Ill. 2d 76, 281 N.E.2d 292.) When a defendant disturbs the functioning of the court, a finding that defendant is guilty of contempt has been held to be proper. *People v. Jashunsky* (1972), 51 Ill. 2d 220, 282 N.E.2d 1; *People v. Wilson* (1st Dist. 1975), 35 Ill. App. 3d 86, 341 N.E.2d 34; *People v. Clancy* (1st Dist. 1926), 239 Ill. App. 369.

■■ The record here clearly indicates that defendant's remarks caused an interruption in the court proceedings. Admittedly the vulgar appellation of the trial judge occurred after defendant was found guilty of contempt; nevertheless, we believe the defendant's earlier conduct was sufficient to justify the conviction. Applicable here is the statement in *People v. Wilson* (1st Dist. 1975), 35 Ill. App. 3d 86, 88, 341 N.E.2d 34, 36:

"Even if defendant had not used such vulgarities, we believe that the trial court properly found [defendant] guilty for disturbing the functions of the court by causing an uproar and commotion.

\* \* \*By acting swiftly with its power of contempt, the trial court herein attempted to enforce order and thereby to promote the efficient administration of justice through law."

Accordingly we affirm the conviction for contempt.

Affirmed.

ALLOY and SCOTT, JJ., concur.