THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD H. COLLINS, Defendant-Appellant.

Second District    No. 76-371

Opinion filed February 23, 1978.

Ralph Ruebner and Michael Mulder, both of State Appellate Defender's Office, of Elgin, for appellant.

T. Jordan Gallagher, State's Attorney, of Sycamore (Phyllis J. Perko and Robert J. Anderson, both of Illinois State's Attorney Association, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant-Appellant, Edward H. Collins, appeals from an order finding him in direct criminal contempt of court and sentencing him to 180 days in the De Kalb county jail.

A report of proceedings was prepared pursuant to Supreme Court Rule 323(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 323). According to that report when the circuit court of De Kalb county was called to order at 9 a.m. on April 20, 1976, defendant was seated in the second row of the courtroom without any clothing; his clothes were strewed on the floor by his feet. At this time there were approximately 100 people in the courtroom. After the judge took his place on the bench he ordered defendant removed from the courtroom.

Sometime between 10:30 a.m. and 11 a.m. after the morning cases had been disposed of, defendant was brought back before the judge at which time the judge cited him for direct contempt of court and ordered that he be incarcerated in the county jail for a period of 180 days. The judge then signed the order which recited the basis of the contempt including eight

separate findings of fact. Defendant was provided with a copy of the contempt citation and was immediately transferred to the county jail.

Defendant contends first that the summary contempt proceeding instituted against him violated his right to due process. In support thereof he argues that as he was immediately removed from the courtroom there was no need for the "immediate penal vindication of the dignity of the court"; that defendant's intent to obstruct the court proceedings was not within the judge's knowledge; and that defendant was not given an opportunity to explain his actions.

■■ While a defendant in any criminal case is entitled to certain due process rights, an exception exists in the cases of direct criminal contempt committed in open court in the presence of the trial judge where all of the essential elements of misconduct are seen by the trial judge and where immediate punishment is essential to prevent demoralization of the trial court's authority before the general public. (*In re Oliver* (1948), 333 U.S. 257, 92 L. Ed. 682, 68 S. Ct. 499.) Direct contempt of court is defined as conduct calculated to embarrass, hinder or obstruct a court in its administration of justice or to derogate from its authority or dignity or bring the administration of law into disrepute. *People v. Wright* (1977), 51 Ill. App. 3d 990, 991, 367 N.E.2d 492, 493.

The contempt order reads in pertinent part:

> "* * * 4) That as a direct result of this misbehavior by Edward Collins, various defendants and/or onlookers left the Courtroom. Further as a direct result of Edward Collins' wilful behavior aforesaid, laughter and other noises caused disorder in the Court and its administration of justice and further caused the Court to be embarrassed. * * *"

While defendant's removal prevented a continuation of the disturbance it was his initial act of appearing naked in the courtroom which caused the disturbance for which the contempt order and sentence were imposed. The delay between defendant's act and the entering of the contempt order was reasonable under the circumstances: The defendant had to be clothed, lest the disturbance continue and the judge, to restore order, proceeded to conduct the business of the court as usual.

Defendant argues that any intent on his part to obstruct the court was not within the judge's knowledge. However, our Illinois Supreme Court in a recent case held that intent in a criminal contempt proceedings may be inferred from proof of the surrounding circumstances and from the character of the action of the defendant. (See *People ex rel. Kunce v. Hogan* (1977), 67 Ill. 2d 55, 364 N.E.2d 50.) Based upon defendant's conduct the trial court could properly infer that defendant possessed the requisite intent for a finding that he was in direct criminal contempt of court.

■■ Next, defendant alleges that he was not afforded an opportunity to speak in explanation of the circumstances. The report of proceedings states in pertinent part:

"* * * the judge informed Mr. Collins that he had observed Mr. Collins' activity when Court was called to order and that this type of activity could not be permitted in open court. Mr. Collins at this time did not make any comment or request to make any comment. * * *"

From the state of the record we are unable to determine whether or not defendant was afforded an opportunity to speak on his own behalf: "The responsibility for the proper preservation of the record of proceedings * * * rests upon the defendant." (*People v. Wilson* (1975), 32 Ill. App. 3d 57, 60, 335 N.E.2d 499, 501, *rev'd on other grounds* (1977), 66 Ill. 2d 346, 362 N.E.2d 291.) The defendant here, having failed to carry that burden, has waived this contention on appeal.

Therefore, the summary proceedings were proper in the instant case and did not act to deprive defendant of any due process rights he was entitled to under the circumstances.

■■ Defendant's second contention is that he was unconstitutionally convicted of direct criminal contempt where he was not afforded the right to the assistance of counsel. Defendant relies on *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, in which the United States Supreme Court held:

"* * * absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." (407 U.S. 25, 37, 32 L. Ed. 2d 530, 538, 92 S. Ct. 2006, 2012.)

The thrust of *Argersinger* is that the assistance of counsel is necessary to prepare a defense for a trial no matter how the offense is categorized or how short the term of imprisonment imposed. Here, however, we deal not with a trial situation but a summary contempt proceeding. In *People v. Clark* (1972), 4 Ill. App. 3d 301, 280 N.E.2d 723, the defendant there was held in direct contempt of court, and he appealed contending, inter alia, that he was not properly represented by counsel. The court stated:

"* * * This contention misapprehends the nature of a direct contempt order. Such orders are imposed for contumacious acts done in the presence of the court. The judge has personal knowledge of all elements constituting the contempt. Therefore, they may be dealt with in a summary manner without prior notice, written charges, plea, issue or trial. (*People v. Siegal*, 400 Ill. 208, 211, 79 N.E.2d 616.) The trial judge may on his own motion immediately enter a contempt order. The contemnor's right to

procedural due process, including his right to counsel, is not impaired. (See *People v. Siegal, supra,* at 211, 212.) * * *" (4 Ill. App. 3d 301, 305, 280 N.E.2d 723, 726.)

We hold therefore that defendant was not unconstitutionally deprived of the right to counsel.

Defendant's final contention is that he was unconstitutionally deprived of his right to a jury trial. In *Bloom v. Illinois* (1968), 391 U.S. 194, 20 L. Ed. 2d 522, 88 S. Ct. 1477, the United States Supreme Court held that the United States Constitution only requires jury trials in direct criminal contempt proceedings if the actual sentence imposed exceeds six months imprisonment. The Illinois Supreme Court has granted the right to a jury trial in direct criminal contempt proceedings under the same circumstances. See *County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 282 N.E.2d 720; *People ex rel. Illinois State Dental Society v. Taylor* (1971), 131 Ill. App. 2d 492, 268 N.E.2d 463.

However, defendant argues that Illinois cases have interpreted the Illinois Constitution to extend the right of a jury trial to all criminal cases whether they be felonies or misdemeanors; that criminal contempts have been found to be indistinguishable from ordinary crimes (*Bloom v. Illinois; County of McLean v. Kickapoo Creek, Inc.*); and that as Illinois has no history of predicating the right to a jury trial on the length of imprisonment to do so in a direct contempt proceeding is a violation of equal protection of the law under the Illinois Constitution. Ill. Const. 1970, art. I, §2.

■■ Equal protection does not require that all persons be treated equally. It only requires that there be a reasonable and rational basis for classifications which justifies any differences in the proceedings. (*People v. Pembrock* (1976), 62 Ill. 2d 317, 321, 342 N.E.2d 28, 30.) We agree with the State that there is a rational basis for distinguishing direct criminal contempts where the punishment imposed is six months or less from other offenses. This sanction, which may only be imposed in unusual circumstances, (see *In re Oliver*), is necessary for the preservation of order in the courtroom. While the sanction is necessary, the maximum penalty which may be imposed is relatively minor. (See *Bloom v. Illinois; County of McLean v. Kickapoo Creek, Inc.*) Nor are we persuaded by the reasoning of the court in *State v. Browder.* (Alas. 1971), 486 P.2d 925. Thus there was no denial of equal protection under the Illinois Constitution in the instant case.

While defendant argues that in interpreting the Illinois Constitution, courts have held that the right to a jury trial is extended to all criminal cases whether they be felonies or misdemeanors, we note that in direct contempt proceedings Illinois courts have consistently followed the

guidelines of the United States Supreme Court as set out in *Bloom v. Illinois.* See *County of McLean v. Kickapoo Creek, Inc.; People ex rel. Illinois State Dental Society v. Taylor.*

Defendant also claims a statutory right to a jury trial. Section 103—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—6) provides:

> "Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court."

However, section 1—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 1—3) provides:

> "No conduct constitutes an offense unless it is described as an offense in this Code or in another statute of this State. However, this provision does not affect the power of a court to punish for contempt or to employ any sanction authorized by law for the enforcement of an order, civil judgment, or decree."

In addition, section 2—12 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 2—12) provides that, " 'Offense' means a violation of any penal statute of this State."

■■ Contempt is not a statutory offense in Illinois and we agree with the State that the guarantee of a jury trial in section 103—6 is not applicable to the defendant in the instant case.

Additionally, the explanation of direct contempt proceedings given by the court in *People v. Clark* applies here as well as to right to counsel in such cases.

We therefore affirm the order of the circuit court of De Kalb County.

Affirmed.

BOYLE and NASH, JJ., concur.