WELDING INDUSTRIAL SUPPLY COMPANY, INC., Plaintiff-Appellee, *v.* NORTHTOWN INDUSTRIES, INC., *et al.*, Defendants.—(DAVID SCHIMBERG, Defendant-Appellant.)

First District (1st Division)   No. 76-691

Opinion filed March 27, 1978.—Rehearing denied April 24, 1978.

Gary L. Blank, of Chicago, for appellant.

Baum, Glick & Wertheimer, Associates, of Chicago (Robert I. Wertheimer and David L. Passman, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Welding Industrial Supply Company, Inc. (Welding), as the judgment creditor of defendants, Northtown Industries, Inc., and David Schimberg, instituted supplementary proceedings to enforce its judgment. During those proceedings, the defendant Schimberg was served with a citation to discover assets, a petition for a rule to show cause and a body attachment. At two hearings during the supplementary proceedings Schimberg gave conflicting testimony about the shares he held in a corporation. The trial court ordered defendant Schimberg incarcerated for 30 days for contempt of court for giving perjured testimony.

Schimberg appeals the contempt order, raising four issues: (1) whether defendant's statements were perjured; (2) whether defendant's actions were a direct contempt of court; (3) whether defendant was entitled to a hearing by an impartial judge on the contempt citation; and (4) whether the trial court conducted a fair hearing on the contempt citation.

The record discloses that about June 1, 1975, Schimberg was served with a citation to discover assets. Defendant was later served with a petition for a rule to show cause why he should not be held in contempt, returnable August 19, 1975. On October 15, 1975, on a citation proceeding to discover assets, Schimberg testified that he owned all of the stock of Bobcat Machinery Co., Inc., Northtown Industries, Inc., and Harley

Machinery, Inc. In addition, he owned four shares of Occidental Petroleum and 1200 shares of Burma Mines stock.

After the hearing on October 15, 1975, the trial court entered an order on October 24, 1975, requiring Schimberg *inter alia* to pay plaintiff $500 every two weeks, to deliver instanter to the Sheriff of Cook County for sale two, three or four shares of Occidental Petroleum stock, 1200 shares of Burma Mines stock, one 1973 Buick automobile owned by Northtown Industries, 100% of the shares of stock of Bobcat Machinery Co., Inc., Harley Machinery, Inc., Northtown Industries, Inc., and Machinery Sales, Inc. In the alternative, defendant was to pay plaintiff $3,000 instanter instead of turning over the listed shares of stock.

In a second hearing on January 19, 1976, Schimberg testified that he had not delivered the Bobcat shares because they had never been issued and that he had not delivered the Harley Machinery shares but was trying to find them. He was not aware that he was to deliver the Machinery Sales shares. Schimberg did not answer counsel's inquiry about the delivery of the Northtown shares. He had delivered two shares of Occidental Petroleum and had ordered delivery of the Burma Mines stock. Schimberg had not paid the alternative $3,000 in lieu of turning over the shares. He did not comply with the order to pay plaintiff $500 every two weeks. Neither Northtown nor Bobcat had any receivables.

Although the hearings on the rule to show cause resumed on February 10, 1976, defendant was not present. On that date the trial court entered an order, based on defendant's attorney's representation that Bobcat and Northtown had receivables, prohibiting the transfer or encumbrance of the receivables of Bobcat and Northtown. The trial court also issued a writ of attachment for David Schimberg on that date.

On March 10, 1976, another hearing on the pending petition for a rule to show cause was held. Defendant testified that the Bobcat shares had been issued and had been pledged to secure a $5,000 loan from a Mr. Tinhino in August 1975. The loan proceeds were used to start Machinery Sales, Inc. The trial court later interrupted the proceedings and stated:

"* * * This, I call you—I call your attention to the answer given before me on January 19, 19 —and he never issued the stock, and I also call your attention to the answer of March the 10th, today—I am sorry. Correct that.

Gentlemen, on January 19th Mr. Schimberg said he never issued the Bobcat stock, and today, the stock that he never issued was placed last August.

I think that that speaks for itself.

Both statements having been made under oath, the defendant is found in contempt of Court for perjuring himself on one of those

Court dates, and for that will stand committed for thirty days, with a stay of mittimus, until he feels better, but I will not have a sworn statement completely contradicting one another, as between January 19th and March 10th.

And the defendant has made two sworn statements directly in conflict with one another."

The trial court's commitment order provided in relevant part:

"THIS COURT FINDS AS FOLLOWS:

1. DAVID SCHIMBERG has failed to show cause why he should not be held in contempt of Court for failure to comply with the provisions of the order of this Court entered on October 24, 1975.

2. DAVID SCHIMBERG has been guilty of perjury in open Court because of his conflicting statements in the citation proceeding of October 15, 1975, and in his testimony on January 19, 1976, and March 10, 1976, where he made numerous conflicting statements regarding the issuance of stock of Bobcat Machinery Repairs, Inc., and Machinery Sales, Inc., of failing to inform the Court that such stock was pledged in return for the sum of $5,000.00 cash in August, 1975, and further because of Mr. Schimberg's failure to be candid with the Court with respect to his income and assets generally.

3. That Mr. Schimberg did pledge his stock in Bobcat Machinery Repairs, Inc. and Machinery Sales, Inc. and did receive the sum of $5,000.00 and applied no part of said sum to satisfy the outstanding judgment of WELDING INDUSTRIAL SUPPLY COMPANY despite the fact that Mr. Schimberg had been served with the Citation Subpoena in this matter on or about June 1, 1975.

4. Mr. Schimberg has been subject to numerous citations in the past, that he had read the Citation Subpoena which was served upon him and is fully aware of the import of his actions in encumbering or disposing of his assets while under the jurisdiction of this Court in a Citation proceeding."

The court then ordered that defendant be incarcerated in the county jail for 30 days.

Defendant contends that the order was improper because his statements were not perjured, his actions were not a direct contempt of court and he was denied a fair hearing on the contempt charges. Plaintiff argues that the trial court's commitment order is amply supported by the record and that defendant was not denied a fair hearing on the contempt accusations.

In *Eden v. Eden* (1975), 34 Ill. App. 3d 382, 388, 340 N.E.2d 141, 146, the court stated:

"* * * Contempt of court generally consists of any act which is calculated to obstruct, embarrass or hinder the court in the administration of justice and which is committed for the purpose of lessening the authority or the dignity of the court. (*E.g., People v. Miller*, 51 Ill. 2d 76, 78, 281 N.E.2d 292, 293; *In re Estate of Melody*, 42 Ill. 2d 451, 452, 248 N.E.2d 104, 105.) Moreover, there are four types of contempt which are delineated as follows: (1) indirect contempt which entails a contumacious act committed outside the presence of the court (*e.g., People v. Javaras*, 51 Ill. 2d 296, 300, 281 N.E.2d 670, 672; *Kay v. Kay*, 22 Ill. App. 3d 530, 318 N.E.2d 9 (abstract opinion)); (2) direct contempt which involves an act committed in the presence of the court (*e.g., People v. Clark*, 4 Ill. App. 3d 301, 303, 280 N.E.2d 723, 724; *Kotowski v. Kotowski*, 3 Ill. App. 3d 231, 233, 278 N.E.2d 856, 857); (3) civil contempt which consists of failing to do something ordered by the court, usually for the benefit of the opposing litigant (*e.g., People ex rel. Kazubowski v. Ray*, 48 Ill. 2d 413, 416, 272 N.E.2d 225, 226, *cert. denied*, 404 U.S. 818, 30 L. Ed. 2d 118, 92 S. Ct. 78; *Sullivan v. Sullivan*, 16 Ill. App. 3d 549, 551-52, 306 N.E.2d 604, 605); and (4) criminal contempt which comprises conduct directed against the dignity and authority of the court or the judge acting judicially (*e.g., Sullivan v. Sullivan*, 16 Ill. App. 3d 549, 551, 306 N.E.2d 604, 605; *George v. Toal*, 6 Ill. App. 3d 329, 286 N.E.2d 41 (abstract opinion))."

■■ ■ This case clearly involves actions which are an indirect contempt of court because the failure to pay, the pledge of shares and the failure to turn over the shares took place outside of the presence of the court. (See *In re Estate of Shlensky* (1977), 49 Ill. App. 3d 885, 364 N.E.2d 430.) The contempt was civil because it consisted of failing to do something for the benefit of an opposing litigant. (*Sullivan v. Sullivan* (1973), 16 Ill. App. 3d 549, 306 N.E.2d 604.) Defendant correctly asserts that certain due process safeguards must be accorded him because the contempt was indirect. Those safeguards include an adequate description of the misconduct with which he is charged, reasonable notice of the time and place of hearing on the charges and an evidentiary hearing. *People v. Javaras* (1972), 51 Ill. 2d 296, 281 N.E.2d 670; *People ex rel. Andrews v. Hassakis* (1955), 6 Ill. 2d 463, 129 N.E.2d 9; *People v. Gholson* (1952), 412 Ill. 294, 106 N.E.2d 333.

The record discloses that a petition for a rule to show cause was filed before the scheduled February 10, 1976, hearing, which defendant failed to attend. At the March 10, 1976, hearing reference was made to the October 24, 1975, order and defendant admitted his failure to comply

with its provisions. He provided no reason for the failure to pay or for his transfer of assets. This record reflects that defendant was accorded the due process safeguards which apply to an indirect civil contempt.

The trial court properly made a finding of contempt on this record, given the defendant's willful refusal to comply with the court's order of October 24, 1975, and the willful transfer of assets after the service of the citation upon him.

■■ The trial court's commitment order incorrectly sentenced defendant to a definite term of incarceration. It should have provided defendant with the keys to his own cell by enabling him to comply with the payment and turnover orders or otherwise purge himself of his contempt. *People v. Redlich* (1949), 402 Ill. 270, 83 N.E.2d 736; *Sullivan; Board of Junior College District No. 508 v. Cook County College Teachers Union* (1970), 126 Ill. App. 2d 418, 262 N.E.2d 125, *cert. denied* (1971), 402 U.S. 998, 29 L. Ed. 2d 165, 91 S. Ct. 2168.

Insofar as the order appealed from finds defendant guilty of contempt, it is affirmed. That portion of the order directing incarceration of defendant for a definite term is reversed. The cause is remanded with directions for the entry of an order that defendant, by a date certain, comply with the payment and turnover order or otherwise purge himself and that upon his failure so to do he be incarcerated until he complies or otherwise purges himself.

Affirmed in part; reversed in part and remanded with directions.

GOLDBERG, P. J., and McGLOON, J., concur.