*In re* MARRIAGE OF MARIANNE HARVEY, Petitioner-Appellee, and BRUCE HARVEY, Respondent-Appellant.

Third District   No. 3—84—0690

Opinion filed August 30, 1985.

Ira B. Goldstein, of Ira B. Goldstein, Ltd., of Joliet, for appellant.

Michael D. Stubbs, of Stubbs & Associates, of Joliet, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The trial court sentenced the father, respondent-appellant Bruce Harvey, to 60 days' imprisonment for wilful contempt of a court order to pay child support to the mother, petitioner-appellee Marianne

Harvey. The father appeals the sentence arguing, *inter alia*, that the court erroneously found him in and sentenced him for wilful contempt. We reverse in part and remand.

The parties' marriage was dissolved in 1981. Pursuant to the dissolution order, the mother was awarded custody of their two minor children and the father was ordered to pay $40 in child support per week. In August of 1983, following the mother's filing of a petition to show cause, the parties agreed to a judgment that the father was $1,220 in arrears in child-support payments, and that he would pay $160 in child support every two weeks until the arrearage was paid. The father made partial payment on that order.

In April of 1984, after his unemployment benefits expired, the father petitioned to suspend child support, as he was unemployed and disabled following an automobile accident. In May of 1984 the mother filed a petition for a rule to show cause based on the father's child-support arrearage for 1983 and 1984. At the August 1984 hearing on both petitions, the court heard uncontroverted testimony that from January 30 through March 18, 1984, the father earned $1,009.50 for part-time employment but paid no child support. The court also heard uncontroverted testimony that the father was currently under a physician's care, unemployed, receiving no income, and living with the help of his parents. The court entered an order that the father was $2,860 in child-support arrears and responsible for the wife's reasonable attorney fees of $435.50. The court also found the father in wilful contempt for nonpayment of support. The court suspended payment, but not accrual, of the father's child-support payments until the father obtained employment or a personal injury settlement. Lastly, the court continued the matter for sentencing and to allow the father time to purge his contempt by payment of the arrearage.

When the cause was called for sentencing, the court inquired of the father whether he had paid his $2,860 arrearage. The father replied that he had not done so, and the court sentenced the father to 60 days in the Will County jail. Under the court's order, the father could purge his contempt by tendering the arrearage. The father brought the instant appeal.

The father's first argument on appeal is that the court abused its discretion in sentencing the father for wilful contempt. In conjunction with that argument, we consider the propriety of the contempt finding generally.

Evidence of noncompliance with a court order of child support payments makes out a *prima facie* case for indirect, civil contempt. (*Storm v. Storm* (1973), 9 Ill. App. 3d 1071, 293 N.E.2d 633;

*Welding Industrial Supply Co. v. Northtown Industries, Inc.* (1978), 58 Ill. App. 3d 625, 374 N.E.2d 1002.) The burden then rests on the alleged contemnor to show that his noncompliance was not wilful. (*Storm v. Storm* (1973), 9 Ill. App. 3d 1071, 293 N.E.2d 633.) Whether noncompliance is wilful or with a valid excuse is a question of fact for the trial court. We will reverse that decision only if it is against the manifest weight of the evidence. *In re Marriage of Ramos* (1984), 126 Ill. App. 3d 391, 466 N.E.2d 1016.

■ In the instant case, we find that the court's contempt finding was supported by the evidence. The father failed to rebut the *prima facie* case of contempt based on his failure to pay child support from his earnings of early 1984.

Under section 505(b) of the Illinois Marriage and Dissolution of Marriage Act, after finding a parent in contempt for nonpayment of child support, the court may punish the contemnor with a sentence of imprisonment. (Ill. Rev. Stat. 1983, ch. 40, par. 505(b)(2).) However, as the mother acknowledges, in a civil contempt proceeding such as this, the court must allow the contemnor to purge his contempt. (*Welding Industrial Supply Co. v. Northtown Industries, Inc.* (1978), 58 Ill. App. 3d 625, 374 N.E.2d 1002.) Furthermore, the purging provision in a civil contempt sanction for nonpayment must be based upon the contemnor's ability to pay. *In re Marriage of Ramos* (1984), 126 Ill. App. 3d 391, 466 N.E.2d 1016.

■ Based upon our review of the record, we find that the instant sentencing order, in similarity to the sentencing order in *Welding*, lacks a necessary, effective purging provision. The court's sentencing order provided that the father could protect himself from imminent imprisonment by paying his $2,860 in child-support arrears. However, given the father's current unpropertied, unemployed, and apparently unemployable condition, that provision was unrealistic based on the father's ability to pay. The fact that the father was able to post a cash appeal bond does not alter our conclusion.

Given our conclusion that the sentencing order lacks an effective purging provision and, thus, may not stand, we need not address the other issues presented by the father.

Accordingly, the judgment of the circuit court of Will County is affirmed insofar as it finds the father in contempt. The judgment is reversed insofar as it sentences the father to imprisonment. The cause is remanded for the trial court's reconsideration of a response to the father's adjudged contempt.

Affirmed in part; reversed in part, and remanded with instructions.

HEIPLE, P.J., and SCOTT, J., concur.