(No. 44017.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. KENNETH A. MILLER *et al.*—(William A. Cain,
Appellant.)

*Opinion filed March 21, 1972.*

DAVIS, J., took no part.

CAIN & CERNEK, of Chicago, for appellant.

WILLIAM V. HOPF, State's Attorney, of Wheaton
(MALCOLM F. SMITH, Assistant State's Attorney, of
counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of
the court:

The appellant, William A. Cain, is an attorney. He
represented the defendants, Kenneth and Rose Marie

Miller, in a criminal action which arose out of an alleged traffic violation. Kenneth Miller was charged, in the circuit court of Du Page County, with improper lane usage, refusal to display his driver's license, and resisting arrest. Rose Marie Miller was charged with disorderly conduct, resisting arrest, and aggravated assault. After a jury had been selected and evidence had been heard, the magistrate declared a mistrial, adjudged the appellant guilty of direct contempt of court, and ordered him to pay a fine of $50 or be incarcerated until the fine was paid. He paid the fine and appealed. The Appellate Court, Second District, affirmed, with one judge dissenting. *(People v. Miller (1970), 130 Ill.App.2d 637, 265 N.E.2d 175.)* We granted leave to appeal.

The trial court's order is as follows:

"In this cause which we proceeded to try by selection of a jury at approximately 2:45 P.M. this afternoon, the jury having been ultimately selected, the matter proceeding to trial, the State having placed one witness on the stand, counsel for the defendant, by grimaces, in the presence of the jury, by further act, to-wit:

"Gratuitous comments which had a tendency to reflect upon the entire proceedings of this Court, both as to the testimony of the witnesses and the rulings of the Court, which items may be found in the record of the transcript herein, each of which had a tendency to cast an improper reflection upon the integrity of the State's Attorney and the Court, it is the order of this Court that the attorney for the defendant is herein found to be guilty of contempt and for such contumacious conduct, it is the order of this Court that counsel for the defendant, William Cain, shall pay a fine of $50.00 or be incarcerated in the County Jail of Du Page County until such fine is paid."

The appellate court found no indication that the appellant had "grimaced," as charged in the order, and held that that portion of the order "cannot stand." (265 N.E.2d at 181.) What remains as the basis of the order is the general reference to "gratuitous comments which had a tendency to reflect upon the entire proceedings of this Court."

Acts which constitute direct contempt of court are those which are "calculated to embarrass, hinder or obstruct a court in its administration of justice or to derogate from its authority or dignity, or bring the administration of law into disrepute." (*In re Estate of Melody (1969), 42 Ill.2d 451, 452.)* The power to punish for direct contempt is an extraordinary one, and the court must set forth fully and specifically in its order, or the record must clearly show, the conduct upon which the finding of contempt is based. *People ex rel. Andrews v. Hassakis (1955), 6 Ill.2d 463; People v. Loughran (1954), 2 Ill.2d 258, 263; cf. People v. Tomashevsky (1971), 48 Ill.2d 559, 564-5.*

The general doctrine that a reviewing court will ordinarily sustain a proper ruling of a trial court even though the ground assigned for the ruling was erroneous does not apply in the review of direct contempt orders. Direct contempt is predicated upon specific misconduct which interferes with the orderly administration of justice, and therefore an order imposing punishment for direct contempt must state, or the record must show, the specific acts upon which it is based. Such an order must be sustained upon the ground on which it was imposed, or not at all, for otherwise a contempt judgment might be affirmed in a reviewing court upon the basis of conduct which the trial court had found inoffensive.

In this case the record discloses numerous interchanges between the court and the appellant, both in chambers and in the presence of the jury. Those instances are set out in the appellate court's opinion and we need

not repeat them here. The appellate court characterized the conduct of both the court and counsel in chambers as "injudicious." While counsel may have been overzealous or improperly sarcastic at times, we are of the opinion that his conduct in the courtroom constituted a good faith attempt to represent his clients without hindering the court's functions or dignity, and, therefore, that they did not constitute a direct contempt of court. *In re McConnell (1962), 370 U.S. 230, 8 L.Ed.2d 434, 82 S.Ct. 1288; People v. Loughran (1954), 2 Ill.2d 258, 265; People v. Pearson (1968), 98 Ill.App.2d 203, 211.*

The judgments of the circuit court of Du Page County and of the Appellate Court for the Second District are reversed.

*Judgments reversed.*

MR. JUSTICE DAVIS took no part in the consideration or decision of this case.