THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVE HANNA, Defendant-Appellant.

Fourth District    No. 13272

Opinion filed April 1, 1976.

SIMKINS, J., dissenting.

Richard J. Wilson and Bruce Stratton, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

The defendant, Steve Hanna, was charged with the offense of armed robbery in the Circuit Court of Macon County. In the third day of trial, while appearing pro se, defendant made an oral motion in which he requested the issuance of a writ of habeas corpus ad testificandum for two prison inmates whom he wished to call as witnesses. While arguing the motion, defendant was found to be in direct criminal contempt of court. At a subsequent sentencing hearing before another judge, he was sentenced to imprisonment for 5 months and 20 days for the contempt conviction. Defendant appeals contending that his conduct was not contempt and that the sentence was excessive.

Defendant made and argued the oral motion out of the presence of the jury but before spectators in the court room. The record indicates and the

contempt order found that he was at times "loud and boisterous." When the State's attorney objected to the form of defendant's request for the writ, defendant interrupted the State's attorney to object to the State's attorney's remarks. After a long rambling statement, claiming various grievances, defendant stated that he had an affirmative defense. He then stated:

> "The way things are going now my side ain't ever going to be heard—uh—but I'm going to get it—I'm going to get it on the record. I'm going to make a record, because I know what happened. *This Court has messed up so much already it's pathetic.*" (Emphasis added.)

The court then found the defendant to be in direct criminal contempt.

■■ A general definition of acts which constitute direct criminal contempt are those "which are 'calculated to embarrass, hinder or obstruct a court in its administration of justice, or to derogate from its authority or dignity, or bring the administration of law into disrepute.' [Citation.]" (*People v. Miller*, 51 Ill. 2d 76, 78, 281 N.E.2d 292, 293.) The conduct here could be said to "embarrass" the court and to "derogate" from its "dignity." In *In re Little*, 404 U.S. 553, 30 L. Ed. 2d 708, 92 S. Ct. 659, however, a State court had similarly held a pro se defendant in contempt when he stated in an argument that the court was biased and had prejudiced the case and that the defendant was a political prisoner. On certiorari, the United States Supreme Court reversed, holding the conduct insufficient to be contempt.

In *Little* the court noted that the words in question were not spoken in a loud and boisterous manner. Here there is no indication that the allegedly contemptuous words were spoken in such a manner but the defendant had clearly been loud and boisterous a few minutes earlier. The State's attorney had asked that the record show that the defendant was loud and boisterous and the defendant had apologized to the court stating that he got "carried away" at times. The court responded "sometimes you do."

■■ The essence of the *Little* opinion seems to be that an isolated, disparaging statement not made in loud voice or boisterous manner but offensive to the sensibilities of the judge, although embarrassing to the court and derogating from its dignity, is not contempt. We do not find the prior loud boisterous conduct of the defendant here to sufficiently distinguish this case from *Little*. The judgment of contempt in the instant case is, therefore, reversed.

Reversed.

CRAVEN, P. J., concurs.

Mr. JUSTICE SIMKINS, dissenting.

I dissent. I do not read the opinion *In re Little*, 404 U.S. 553, 30 L. Ed. 2d 708, 92 S. Ct. 659, to hold that statements embarrassing to the court * * and derogating from its dignity * * *" if made in a quiet tone of voice are, as a matter of law, not contemptuous. Defendant had conducted himself in a loud and boisterous manner during the hearing and there is nothing to show that the court's order was not predicated upon defendant's entire course of conduct during the hearing. Neither do I believe that *Little* stands for the proposition that one may be loud and boisterous, but reduce the decibels during one statement which directly offends the dignity of the court (as contrasted to the dignity of the judge) and tends to bring the entire process into disrepute, and consequently avoid being brought to book. I would affirm.