THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD BERTELLE, Defendant-Appellant.

First District (1st Division)   No. 85—3739

Opinion filed December 14, 1987.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Kathleen A. Bom, and Aaron Iverson, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, Donald Bertelle, an assistant public defender, appeals from an order entered by the circuit court of Cook County which found him guilty of direct criminal contempt and imposed a $200 fine. On appeal, defendant contends that because his comments were not calculated to embarrass or to obstruct the court or to derogate from the court's authority and dignity, they did not constitute contempt of court. For the following reasons, we reverse the judgment of the circuit court.

The record indicates that the alleged contempt arose during the murder trial of Dennis Fox, who was represented by Bertelle, Clyde Lemmons and Judith Stewart, all assistant public defenders. During cross-examination of a defense witness, the State asked the witness if she recalled being interviewed by an investigator from the State's Attorney's office on an earlier date. Defense attorney Stewart immediately objected to the question. However, the witness replied before the court could rule on the objection. Stewart then repeated the objection and requested a sidebar. Ignoring Stewart's request, the court asked the State to tender a copy of the interview to the defense. The following colloquy ensued:

> "BERTELLE: Judge—
>
> THE COURT: Be quiet.
>
> BERTELLE: It is very unfair.
>
> THE COURT: So are you being unfair.
>
> BERTELLE: I am not hiding anything.
>
> THE COURT: If you say anything once again like that, Mr. Bertelle, we are really going to have it. You have been badly trained. Judges have let you get away with things, and you had better not step out of line one more time in this case."

Subsequently, during surrebuttal, defendant Fox testified that he had pled guilty with respect to his three prior convictions and, thus, had never gone to trial. During cross-examination of Fox, the following occurred:

> "THE STATE: Mr. Fox, if you learned anything from your court experiences in those other three cases that you were convicted of—
>
> LEMMONS: Objection.
>
> THE COURT: Let him finish his question.

THE STATE: You learned there is no profit or advantage to pleading guilty, didn't you?

THE COURT: Sustained.

THE STATE: You go to jail when you plead guilty, don't you?

FOX: Yes.

BERTELLE: He is going along the same lines.

THE COURT: Sit down Mr. Bertelle. Sit down, Mr. Lemmons.

LEMMONS: Objection.

BERTELLE: Objection.

THE COURT: Overruled.

BERTELLE: Unfair.

THE COURT: Mr. Bertelle, I fine you $100. Put it up on the clerk's table and don't flash it because I will empty that pocket.

BERTELLE: It is unfair, judge.

THE COURT: Put down another hundred.

BERTELLE: I do not have another hundred.

THE COURT: Then you will go in custody at the end of the day. Sit down. Send for a deputy sheriff, Mr. Sheriff.

SHERIFF: Yes, your Honor.

THE STATE: You know, Mr. Fox when you plead not guilty that there is a chance that you might not be convicted?

THE COURT: Sustained. Redirect.

LEMMONS: I have nothing further."

Pursuant to the record, an order was entered on December 5, 1985, holding Bertelle in direct contempt and fining him $200. Bertelle's timely appeal followed.

■ ■ It is well established that to sustain a finding of direct criminal contempt, it must be proven that the acts which allegedly form the basis for the contempt order were calculated to embarrass, hinder or obstruct a court in its administration of justice or to derogate from its authority or dignity or to bring the administration of law into disrepute. (*People v. Siegel* (1983), 94 Ill. 2d 167, 445 N.E.2d 762; *People v. Miller* (1972), 51 Ill. 2d 76, 281 N.E.2d 292.) Criminal contempt consists of an intent and an act, both of which must be proven beyond a reasonable doubt. (*City of Chicago v. Hart Building Corp.* (1969), 116 Ill. App. 2d 39, 253 N.E.2d 496.) The necessary intent has been defined as a voluntary act by one who knows or who should reasonably be aware that his conduct is wrongful. (*United States v. Seale* (7th Cir. 1972), 461 F.2d 345.) Under Illinois law, wrongful conduct is that which embarrasses, hinders, or obstructs the

court in the administration of justice. (*People v. Siegel* (1983), 94 Ill. 2d 167, 445 N.E.2d 762.) In reaching its determination as to whether direct criminal contempt has occurred, the reviewing court may also consider provocation by the trial court and erroneous trial court rulings which may have triggered the attorney's comments. (*People v. Pearson* (1968), 98 Ill. App. 2d 203, 240 N.E.2d 337.) If it can be shown that the underlying conduct constituted a good-faith attempt by the attorney to represent his client without hindering the court's functions or dignity, a finding of direct contempt will be reversed upon review. *People v. Miller* (1972), 51 Ill. 2d 76, 281 N.E.2d 292.

In the present case, Bertelle argues that his remarks were not offensive, were not shouted in a boisterous tone and did not disrupt the court proceeding. Instead, they were merely part of a "good faith effort" to represent his client. As evidence of his good-faith effort and his lack of intent to hinder, embarrass or obstruct the court, Bertelle points out that the trial court ultimately sustained the objection he had made which had given rise to the contempt order.

In response, the State contends that Bertelle's statements before the jury impugned the integrity of an officer of the court, which would lead the jury to question the fairness of the entire judicial proceeding. In support of its position, the State relies on *People v. Siegel* (1983), 94 Ill. 2d 167, 445 N.E.2d 762, and *People v. Halprin* (1983), 119 Ill. App. 3d 922, 457 N.E.2d 1010. In *Siegel,* defendant acted as "legal adviser" to Marie Rodriguez, a self-proclaimed soldier fighting for Puerto Rican freedom who claimed that she was a prisoner of war and, thus, not amenable to the court's jurisdiction. Although defendant had been instructed by the court that she could not argue on behalf of Rodriguez until she filed an appearance, defendant refused to do so and during Rodriguez' trial, approached the bench from the spectator's section of the courtroom and proceeded to argue on Rodriguez' behalf. The court cited defendant for contempt and fined her $1,000. The appellate court reversed the judgment and the supreme court reversed the appellate court and affirmed the trial court. In reaching its decision, the supreme court noted that defendant's actions gave rise to a reasonable inference that her conduct was calculated to embarrass, hinder or obstruct the court in the administration of justice. The supreme court further noted that if defendant had wished to object to jurisdiction, she could have filed a limited appearance. Instead, she chose to behave in a highly disruptive manner.

Highly disruptive conduct also served as the basis for the affirmance of a contempt judgment in *People v. Halprin* (1983), 119 Ill. App. 3d 922, 457 N.E.2d 1010. In reaching its decision, the reviewing

court noted that defendant repeatedly ignored the rulings of the trial court, and that "[d]efendant's actions were not only contemptuous of the court's rulings, but hindered the court in its attempt to conduct *voir dire* examination." (119 Ill. App. 3d at 929-30.) In *Halprin,* defendant claimed in front of the prospective jurors that, unless she was allowed to conduct the venire in her own way, she would not be able to select a jury. After the court informed defendant that she would have to submit all additional questions, other than those for clarification, to the court in writing, defendant continued to argue about her statutory right to question the venire in the presence of prospective jurors. In addition, defendant repeated several times in the venire's presence that the court's questions were inadequate and, as a result, she could not make a rational determination. In fact, defendant made this statement immediately following a warning by the court that if she did not make a decision as to whether she was going to select a panel, she would be held in contempt. When defendant finally accepted a panel, she stated that she was doing so with "totally inadequate information." Defendant continued to make similar comments in the presence of the prospective jurors, despite warnings by the court not to do so on the grounds that she had already made an adequate record for an appeal on the matter regarding *voir dire* examination.

■ We find *Siegel* and *Halprin* readily distinguishable from the case at bar on the grounds that the conduct in these cases is unquestionably more egregious and acted to blatantly disrupt the court proceeding by consciously disregarding court orders. By contrast, in the present case, Bertelle merely stated twice that the court's response to his objection was "unfair." Further, there is no indication in the record that these isolated comments created a significant disruption of the court proceedings. While we do not condone such comments, we do not find that they provide an adequate basis for a contempt conviction, especially in light of the fact that, after Bertelle's second comment, the trial court reversed itself on the ruling which had prompted the contempt order. In our view, Bertelle's comments were no more than vigorous, good-faith attempts to represent his client's interests and were not made with the requisite intent to embarrass, hinder or obstruct the court in its administration of justice.

■ In reaching our decision, we find *People v. Pearson* (1968), 98 Ill. App. 2d 203, 240 N.E.2d 337, factually similar to the present case and persuasive in its analysis. In *Pearson,* during trial, defendant commented to the judge, "I think your bias is showing," and was found to be in contempt. On appeal, the reviewing court recognized

that defendant's comment was improper, but held that it did not constitute contempt. The *Pearson* court further noted that defendant may have been provoked by the trial court's prior erroneous rulings during trial and concluded that the defendant's conduct was no more than strenuous representation of his client's interests. Similarly, in our case, the trial court's initial ruling on defendant's objection to the State's continued line of improper questioning clearly provoked Bertelle's comment. Although provocation does not provide a defense to contempt, the circumstances of the trial proceeding and the egregious nature of the comments are properly weighed in the determination of whether the requisite intent had been established beyond a reasonable doubt. (See *United States ex rel. Robson v. Oliver* (7th Cir. 1972), 470 F.2d 10.) We conclude that this burden of proof was not satisfied in the present case.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County.

Reversed.

QUINLAN, P.J., and MANNING, J., concur.