Sixth Division
November 9, 2007

No. 1-05-2694

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court |
| | ) | of Cook County |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | 04 CR 26722 |
| | ) | |
| ANTONIO SMITH, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Stuart E. Palmer, |
| | ) | Judge Presiding |

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

Following a jury trial, defendant Antonio Smith was found guilty of four counts of aggravated battery to a peace officer and sentenced to consecutive and concurrent prison terms totaling 15 years. During the sentencing hearing, the court found defendant to be in direct criminal contempt of court and sentenced him to an additional six months' imprisonment, to be served consecutively with his sentence for the aggravated battery convictions. On appeal, defendant, who represented himself at trial, contends that: (1) the trial court abused its discretion in denying his request for standby counsel, and (2) the record is insufficient to sustain his conviction for contempt.

Defendant was arrested after engaging in a suspected narcotics transaction. At the police station, defendant attacked several police officers and was charged with multiple counts of aggravated battery and resisting or obstructing a peace officer. Defendant was initially appointed counsel, but in a pretrial hearing, defendant informed the court that he had defended himself in a prior felony case and wished to represent himself in the present case. The court warned defendant

about the potential dangers of proceeding pro se and tried to dissuade him, but defendant still chose to represent himself at trial. At a subsequent pretrial hearing, defendant requested standby counsel for the purpose of assisting him during trial. The court denied his request and told defendant that the court could appoint counsel to represent defendant or defendant could continue to proceed pro se. Defendant chose to proceed pro se.

Officer Jeremy Sikorski testified that on October 5, 2004, he and his partner, Officer Kevin Thomas, arrested defendant after observing defendant take part in a suspected narcotics transaction. Defendant was taken to the police station and handcuffed to a bar in the processing room, and defendant began to threaten the officers. Sergeant Robinson entered the room and uncuffed defendant from the bar. As he was uncuffed, defendant jumped up and kicked Officer Thomas in the midsection. Defendant then turned to Officer Sikorski and kicked him in the midsection. Officers Gonzalez and Martinez entered the room and attempted to restrain defendant as defendant began swinging his arms with closed fists. Defendant struck Officer Gonzalez before the officers were finally able to handcuff defendant.

During cross-examination, defendant asked Officer Sikorski several questions that were objected to and sustained, such as, "have you ever been the victim of an assault?" and, "how much do you bench press?"

Officer Thomas, Officer Gonzalez, Officer Martinez and Captain Kulbida all testified and generally corroborated Officer Sikorski's testimony. Officers Thomas, Gonzalez, and Martinez testified that they were struck by defendant in the processing room. During defendant's cross-examination of these witnesses, the court sustained several of the State's objections because

defendant asked improper questions. After cross-examining Captain Kulbida, defendant asked for the assistance of standby counsel because he was unable to cross-examine the witnesses correctly. The court stated that standby counsel would be inappropriate and denied defendant's request. The jury found defendant guilty of four counts of aggravated battery of a peace officer.

At sentencing, the following exchange occurred:

"THE COURT: Mr. Smith, as I said, today you were given a copy of a presentence investigation. By law, you're entitled to - -

THE DEFENDANT: Your Honor, could you just sentence me so I could get the f*** up out your face.

THE COURT: What did you say?

THE DEFENDANT: Could you just sentence me?

THE COURT: Did you hear what he said? Did you get it down? Read it back for me.

THE DEFENDANT: Do you want me to repeat it?

THE COURT: Yes.

THE DEFENDANT: Could you just sentence me so I could get the f*** up out of your face."

The court found defendant to be in contempt of court and sentenced him to six months' imprisonment for contempt of court, to be served consecutively with his prison sentences for the aggravated battery convictions.

On appeal, defendant first contends that the court abused its discretion by denying

1-05-2694

defendant's request for standby counsel. Defendant argues that the court should have appointed standby counsel for the appropriate purpose of assisting defendant with cross-examination of witnesses at trial.

A trial court may appoint standby counsel to assist a defendant despite the defendant's decision to proceed pro se, but a defendant who decides to represent himself must be prepared to do so. People v. Williams, 277 Ill. App. 3d 1053, 1058 (1996). Relevant criteria in deciding whether to appoint standby counsel to assist a pro se defendant include: "the nature and gravity of the charge, the expected factual and legal complexity of the proceedings, and the abilities and experience of the defendant." People v. Gibson, 136 Ill. 2d 362, 380 (1990). The trial court has broad discretion in deciding whether to appoint standby counsel. People v. Redmond, 265 Ill. App. 3d 292, 304 (1994).

Defendant contends that the court should have granted his request for standby counsel because defendant informed the court that he did not know how to conduct a proper cross-examination and standby counsel would have assisted defendant in his defense. Prior to trial, defendant asked the court for the appointment of standby counsel, but his request was denied. During trial, defendant again asked for the appointment of standby counsel for the purpose of assisting him with cross-examination of witnesses, and the court rejected his request. Defendant's inability to conduct a proper cross-examination was evident from the confusing and improper questions that he asked witnesses, and defendant claims that the court failed to take his ability and experience into account when denying his request. According to defendant, the court's decision not to appoint him standby counsel despite knowing of defendant's inability to conduct a proper

– 4 –

1-05-2694

cross-examination constituted an abuse of discretion.

Defendant was warned about the potential dangers of representing himself at trial, but defendant nonetheless decided to proceed pro se.  When defendant requested standby counsel, the court gave defendant the choice of being appointed counsel or continuing to represent himself. Defendant chose to represent himself.  Additionally, although defendant was charged with multiple counts of aggravated battery, his case was factually simple.  No expert testimony or scientific evidence was involved at trial, and defendant claimed he had prior experience representing himself in a felony case.  In our view, the court did not abuse its discretion by refusing defendant's request for standby counsel.

Defendant next contends that the record is insufficient to sustain his conviction for contempt of court.  Defendant argues that his statement to the court was a single, isolated comment that did not embarrass, hinder, or obstruct the administration of justice.[1]

All courts have the inherent power to punish contempt; this power is essential to the maintenance of authority and the administration of judicial powers.  People v. Simac, 161 Ill. 2d 297, 305 (1994).  Criminal contempt of court is conduct that is designed to embarrass, hinder, or obstruct a court in its administration of justice or derogate from its authority or dignity.  Simac, 161 Ill. 2d at 305.  Direct criminal contempt is conduct occurring in the presence of the judge,

---

[1] Although the State initially challenged this court's jurisdiction of the contempt order, in a supervisory order, the supreme court directed this court to consider defendant's appeal of the trial court's direct criminal contempt of court finding and sentence.

thus making all of the elements of the crime within the personal knowledge of the judge.  People v. Kaeding, 239 Ill. App. 3d 851, 854 (1993).  "On appeal, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  People v. Bell, 276 Ill. App. 3d 939, 945 (1995).

Defendant argues that his single, isolated comment to the court did not embarrass, hinder, or obstruct the administration of justice because it was not spoken in a loud or boisterous manner and did not disparage the court.  Defendant asserts that his request that the court sentence him so he could "get the f*** up out" of the judge's face did not disparage the court and, in fact, acknowledged the court's judicial authority to impose punishment.  According to defendant, his use of profanity was an expression of exasperation, not a personal attack on the judge.

Defendant interrupted the judge while he was speaking and used profane language in front of the court.  Defendant's interruption of the judge hindered the court in its administration of justice, and the use of profanity derogated from the dignity of the court.  We find that a rational trier of fact could have found the essential elements of criminal contempt of court beyond a reasonable doubt.

Defendant asserts that People v. Hanna, 37 Ill. App. 3d 98 (1976), supports his argument.  In Hanna, the trial court found the defendant to be in direct criminal contempt after the defendant stated, " 'The way things are going now my side ain't ever going to be heard — uh — but I'm going to get it — I'm going to get it on the record.  I'm going to make a record, because I know what happened.  This Court has messed up so much already it's pathetic.' "  (Emphasis omitted.)

<u>Hanna</u>, 37 Ill. App. 3d at 99.  This court reversed, noting that "an isolated, disparaging statement not made in loud voice or boisterous manner but offensive to the sensibilities of the judge, although embarrassing to the court and derogating from its dignity, is not contempt."  <u>Hanna</u>, 37 Ill. App. 3d at 99.  We find this case distinguishable.  In <u>Hanna</u>, the defendant expressed his frustration with the court but refrained from using profanity.  In the case at bar, defendant's use of profanity was intended to derogate from the dignity of the court.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

GARCIA and R. GORDON, JJ., concur.