**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 230397-U

Order filed January 22, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0397 Circuit No. 20-CF-59 |
| MAURICE R. MARTIN, | ) ) ) | Honorable Howard C. Ryan Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Davenport and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:     The evidence was sufficient to support finding defendant in direct criminal contempt of court.

¶ 2     Defendant, Maurice R. Martin, appeals his conviction for direct criminal contempt, arguing that the record failed to establish beyond a reasonable doubt that he possessed the requisite intent to commit a contemptuous act. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On March 19, 2021, defendant entered a negotiated guilty plea for failing to register as a violent offender against youth (730 ILCS 154/10(a) (West 2020)) and resisting a peace officer (720 ILCS 5/31-1(a-7) (West 2020)) in exchange for respective concurrent sentences of 48 months' probation and 18 months' conditional discharge. Two years later, the State filed a petition to revoke defendant's probation alleging he had committed three new offenses: criminal trespass to real property (720 ILCS 5/21-3(a)(2) (West 2022)), disorderly conduct (*id.* § 26-1(a)(6)), and failure to register as a violent offender against youth (730 ILCS 154/10(a) (West 2022)). Defendant voluntarily waived his right to counsel shortly after his indictment on the initial underlying charges and was self-represented during the pendency of the case.

¶ 5      At a hearing on the petition, defendant, appearing *pro se*, refused the circuit court's instruction to enter the well of the courtroom at the start of the proceedings[1]. The following colloquy transpired:

> "THE COURT: [Defendant], come on up here. We're going to have a hearing. Okay? Right up in here. Today you get to see the witnesses. All right? Right up in here.
>
> [DEFENDANT]: I'm not stepping—
>
> THE COURT: Right up in here[.]
>
> [DEFENDANT]: I'm not stepping inside the bar. I have a[n] affidavit.
>
> THE COURT: Then as far as I'm concerned, you don't exist. Then come right up in here if you want to be heard.

---

[1]For purposes of clarity, we note that the circuit court referred to the litigation area of the courtroom as the "well" in its contempt order but alternatively used the terms "trial area" and "pit" throughout the record of proceedings.

[DEFENDANT]: Just for the record—

Are you typing, for the record?

THE COURT: You talk to me.

[DEFENDANT]: Okay. I'm talking to you.

THE COURT: Right in there. You want [to] be heard, you come right up in here.

[DEFENDANT]: Okay.

THE COURT: Otherwise, you're not in the hearing. The hearing is going to go forward without you. You don't participate from the back of the auditorium. You come on up here.

[DEFENDANT]: For the record—

THE COURT: You just had the record. You want to be heard, you come right up here.

[DEFENDANT]: For the record, the judge and state's attorney is trying to take me—trying to—

THE COURT: State, call your first witness.

[DEFENDANT]: Trying to get me to hearing—

THE COURT: Quiet.

State, call your first *** witness.

[DEFENDANT]: Trying to get me to hearing—

THE COURT: Quiet.

3

[DEFENDANT]:—in the jurisdiction only known to the state's attorney and the judge.

THE COURT: I'm going to give you one warning. Now, you don't interrupt us. Because we're going to go forward with the hearing, and you're not going to be able to participate from back there. You come up here.

[DEFENDANT]: Your Honor—

THE COURT: I'm going to give you one warning. You interrupt, I'm going to cite for contempt, and you're going to go right downstairs.

[DEFENDANT]: Okay. But—

THE COURT: No. I just warned you. You have been warned. State, call your first witness.

[DEFENDANT]: Objection.

THE COURT: State, call your first witness.

[THE STATE]: State calls Brittany Chipman.

[DEFENDANT]: Objection, Your Honor. Objection, objection.

THE COURT: Have a seat. Now you can be heard. Have a seat.

[DEFENDANT]: Objection, objection. I object to this—the proceedings.

THE COURT: Objection is overruled.

[DEFENDANT]: Okay.

THE COURT: Have a seat.

[DEFENDANT]: On what grounds?

4

THE COURT: It's overruled. These are proceedings that are going to go forward.

[DEFENDANT]: On what grounds are you—

THE COURT: The proceedings are going forward. Come on up here, ma'am.

[DEFENDANT]: Excuse me.

THE COURT: I warned you. Don't do it. You're going to be held in contempt, and you're going to go downstairs.

[DEFENDANT]: Okay.

THE COURT: Jerry, go get some officers.

[DEFENDANT]: But you just—

THE COURT: Sit down. Sit down. Objection is overruled.

[DEFENDANT]: You just overruled my objection.

THE COURT: Correct.

Ma'am, stand here and be sworn.

[DEFENDANT]: For the record—hold on. For the record—

***

(Witness sworn.)

[DEFENDANT]: For the record, Your Honor—

THE COURT: Ma'am, please come over here and have a seat in the witness chair next to me.

[DEFENDANT]: For the record—for the record, I take exception to the judge—judge's ruling.

THE COURT: State, go ahead. You can have a seat. If you want to participate, you have a seat."

¶ 6        Defendant continued objecting to the proceedings during the direct examination of the first witness and in response to the court's inquiry when the State moved to admit evidence. Defendant's objections were overruled. The court offered defendant an opportunity to cross-examine the witness, and the following exchange occurred:

"THE COURT: All right. [Defendant], if you come back up here in the pit or in the trial area, you can go ahead and ask this lady questions if you want.

[DEFENDANT]: Ask her questions?

* * *

THE COURT: If you want to ask her questions, you got to come up in this area.

[DEFENDANT]: I still don't understand the proceedings is what I'm telling you.

THE COURT: You want to ask that lady questions about what she testified to, you got to be up here in this area.

[DEFENDANT]: What I'm telling you is I don't understand this proceeding.

THE COURT: All right. You can step down, ma'am. There's no questions. He has not come forward to the area."

¶ 7    The State began its direct examination of the next witness by asking where she was employed. Defendant objected and the following colloquy began:

> "THE COURT: Overruled.
>
> Go ahead. You can answer.
>
> [DEFENDANT]: I take exception to the judge—I object.
>
> [THE WITNESS]: Illinois Valley Regional Dispatch in Peru.
>
> [DEFENDANT]: Objection, Your Honor. Your Honor—
>
> THE COURT: Objection is overruled. You're not even participating. You are going to have to be quiet.
>
> [DEFENDANT]: I want to give you an explanation.
>
> THE COURT: No, not until you step inside that pit. You don't step inside that pit, you're not to be heard. You're disrupting the proceedings. Okay?"

¶ 8    After the witness answered several more questions from the State, defendant objected. The court overruled the objection and defendant began to protest, resulting in another contempt warning from the court:

> "THE COURT: [Defendant], you're interrupting the proceedings. You do it again, I'm going to cite you for contempt, and you're going downstairs.
>
> [DEFENDANT]: They didn't even see the people they talking to when they testifying.
>
> THE COURT: You're interrupting the proceedings. That's twice. That's twice. You're just a spectator unless you want to come inside that box.
>
> [DEFENDANT]: I object to the entire proceedings, man.

THE COURT: Go ahead, ma'am. State, go ahead?

[THE STATE]: Are those phone calls recorded?

[THE WITNESS]: Yes.

[DEFENDANT]: Under a jurisdiction that's only known to you and the state's attorney[.]

[THE STATE]: And have you had a chance to listen *** to—

THE COURT: You're done. [Defendant], you're held in direct criminal contempt of court.

[DEFENDANT]: For what?

THE COURT: For disrupting the proceedings that have been going on here. You've been given a full opportunity to participate. You're not listening to what the court says."

¶ 9    Defendant gave a statement in allocution prior to being sanctioned. During his statement, defendant asserted, *inter alia*, that he objected to the entirety of the proceedings because the court lacked jurisdiction. The court sentenced defendant to 30 days in jail and continued the hearing on the State's petition to revoke, noting the continuance was due to the disruption. A written contempt order was entered, stating in pertinent part:

"During the course of this particular proceeding, the defendant was disruptive. The defendant failed to comply with the direct orders and the requirements the court had imposed upon him for participation. The court had instructed him that if he failed to enter the well, he would not be permitted to engage in any type of questioning or participation in the proceeding.

8

Witnesses were called, one completed. Second was called. The defendant then was warned for a second, roughly a third time that he was going to be held in contempt if he continued. And the following occurred and made a part of this particular order."

A copy of the transcript from the proceedings was incorporated into the order.

¶ 10                                    II. ANALYSIS

¶ 11        On appeal, defendant argues the evidence was insufficient to support a finding of direct criminal contempt because it failed to prove that he intended to commit a contemptuous act. Direct criminal contempt is defined as conduct or actions that occur in the presence of the court and tend to directly obstruct and prevent the administration of justice. *People v. Abdennabi*, 374 Ill. App. 3d 436, 438 (2007). "Intent in criminal contempt cases has been defined as a voluntary act by one who knows or who should reasonably know that the act is wrongful." *People v. Griffith*, 247 Ill. App. 3d 21, 23 (1993). Although the contemptuous act must be willful, specific manifestation of intent is not required. *Kaeding v. Collins*, 281 Ill. App. 3d 919, 924 (1996). Intent may be inferred from the character of the contemnor's conduct and the surrounding circumstances. *Id.* As the elements of the offense are before the court and within its immediate knowledge, direct criminal contempt may be found and punished summarily. *People v. Simac*, 161 Ill. 2d 297, 306 (1994). The relevant question on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of direct criminal contempt beyond a reasonable doubt. *People v. Smith*, 377 Ill. App. 3d 458, 462 (2007).

¶ 12        Defendant contends that based on the written contempt order, he was found in contempt solely for participating in the proceedings from outside the well. Defendant asserts that this conduct cannot be found to be intentionally contemptuous because the court contradicted its prohibition on

9

his participation from outside the well when it ruled on his objections and offered him opportunities to object to the State's evidence. We disagree. Read together, the written order and the transcript of proceedings demonstrate that defendant's contempt conviction was based on a persistent course of conduct by defendant clearly intending to interfere with the hearing on the State's petition to revoke his probation. See *People v. Minor*, 281 Ill. App. 3d 568, 573 (1996) (consideration of the written order together with the transcript of proceedings is proper for a reviewing court to determine the grounds for a contempt conviction).

¶ 13    Throughout the hearing, defendant continuously refused to comply with the court's instructions. The transcript shows that defendant not only defied the court's directives to step into the well, but also ignored numerous requests to sit down and be quiet. The court attempted to provide defendant with a full and fair opportunity to be heard and defendant was repeatedly warned that he would be held in contempt if he continued to interrupt the hearing. Despite defendant's assertion that the court condoned his actions by acknowledging his objections, it is apparent from the record that the court ruled on his objections to minimize potential further disruptions and continue moving the hearing forward. Additionally, the court responded to defendant's interjections multiple times by reminding him he needed to step into the well to participate. Notably, defendant's objections were without merit and intended to hinder the court, evidenced by the fact that he explicitly stated more than once that he was objecting to the entirety of the proceedings. See *People v. Tatum*, 389 Ill. App. 3d 656, 666 (2009) (evidence of contempt is sufficient where defendant's repeated interruptions were not legitimate objections and were intended to hinder and obstruct the court); *Smith*, 377 Ill. App. 3d at 462 (defendant hindered the court in its administration of justice by interrupting the judge). Therefore, the evidence was

10

sufficient for a rational trier of fact to find defendant in direct criminal contempt of court beyond a reasonable doubt.

¶ 14                          III. CONCLUSION

¶ 15      The judgment of the circuit court of La Salle County is affirmed.

¶ 16      Affirmed.